(69 App. Div. 598.)

QUINN v. QUINN.

(Supreme Court, Appellate Division, Second Department. March 19, 1902.)

Trusts—Deed—Payment of Consideration by Another—Performance.

Laws 1896, c. 547, § 74, provides that the title to real property vests in the grantee, without a resulting trust in favor of another furnishing the consideration therefor; and section 234 provides that the powers of courts of equity to compel the specific performance of agreements in cases of part performance shall not be abridged by any provision in the chapter. Two brothers verbally agreed to purchase land as tenants in common, each to contribute equally to the purchase price. The deed to the premises was taken in the name of one of them only, but both

entered into possession, and occupied the same as tenants in common
for several years. Each paid his share of the price, and made payments
on an existing lien. *Held*, that the grantee held an undivided one-half
of the property in trust for his brother, and there had been such a part
performance of the contract as would authorize a court of equity to com-
pel the grantee to do his duty.

Appeal from special term, Kings county.

Suit by Timothy W. Quinn against Robert Quinn. From an in-
terlocutory judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HIRSCHBERG, JJ.

John T. Mulhall, for appellant.
Henry E. Heistad, for respondent.

WOODWARD, J. The evidence in this case is sufficient to sup-
port the conclusion, evidently reached by the learned court at spe-
cial term, that on or about the 1st day of May, 1895, at the borough
of Brooklyn, the plaintiff and defendant entered into a verbal agree-
ment for the purchase of premises known as Nos. 23 and 25 Tiffany
place, Brooklyn; that the plaintiff and defendant contributed an
equal amount of money to a fund for the purchase of this property,
which was to be subject to the mortgages then a lien thereon, and
that the said property was to be enjoyed in common between plain-
tiff and defendant, and the rents, issues, and profits and losses, if
any, were to be shared equally between the parties, after paying in-
terest on existing liens and mortgages, taxes, water rates, assess-
ments, and other expenses incident thereto; that the property was
purchased, the title being taken in the name of the defendant; and
that the plaintiff and defendant entered into possession of the same,
and continued to occupy the same as tenants in common for several
years, each party paying upon the indebtedness, and each at times
collecting rents, etc., and acting as the joint owners of the premises.
There can be no reasonable doubt from the evidence that the plaintiff
and defendant, who are brothers, owned the premises in dispute as
tenants in common; that they so understood the transaction until
some time in 1899, when they appear to have dissolved a partner-
ship existing between them in the trucking business, and to have
drifted apart in their affairs, and the defendant undertook to take
advantage of the fact that the paper title to the premises was in him.
It is urged that, under the provisions of section 74 of the real prop-
erty law (chapter 547, Laws 1896), the plaintiff can have no equitable
rights in the premises. This section provides that a grant of real
property for a valuable consideration to one person, the consideration
being paid by another, vests title in the grantee, and no use or trust
results from the payment to the person paying the consideration, or
in his favor; and the defendant urges that the fact that the plaintiff
may have paid the larger portion of the purchase price, under a ver-
bal agreement between the purchasers, gives the latter no rights
in the premises. But section 74 of the real property law must be
read under the limitations imposed by section 234 of the same act,
which provides that "nothing contained in this article abridges the

powers of courts of equity to compel the specific performance of agreements in cases of part performance"; and, it being established that the parties to this verbal agreement have performed the contract on their part up to the point where it became the duty of the defendant to acknowledge and respect the rights of the plaintiff, we are of opinion that it is within the power of a court of equity to compel the defendant to perform this duty. The plaintiff and defendant purchased this property and entered into possession as tenants in common; they have each contributed to pay off the liens upon the same, and have exercised rights of ownership over the premises, with an understanding between them that it was owned jointly, the title being taken in the name of the defendant for reasons which were satisfactory to themselves; and, because it would be contrary to good conscience and the principles of equity, the defendant cannot be permitted to take advantage of the record title to deprive the plaintiff of his rights in the property. The learned court below aptly says that:

"The grounds of this decision are that the defendant, upon the purchase thereof, orally agreed to hold one undivided half of said premises in trust for the plaintiff, who contributed to the purchase thereof, and has expended various sums for the benefit of said property upon the faith of the defendant's said agreement, and it is necessary to imply a trust as aforesaid to prevent a fraud."

There has been a partial performance of the agreement; the plaintiff has been put into a position where he must suffer loss by reason of the bad faith of the defendant unless equity interposes to prevent the fraud; and it is the high duty of this court to act in such a case, even though the diligent search of the defendant's counsel has failed to discover an analogous case or an exact precedent. It is the special merit of a court of equity that it molds its judgments to the facts as they exist, and, by the application of well-settled rules, reaches the ends of justice where the law is powerless to grant relief. Canda v. Totten, 157 N. Y. 281, 287, 288, 51 N. E. 989, and authorities cited.

We are unable to reach the conclusion that the issues raised upon the trial of the present action are res adjudicata. We do not think the action brought in September, 1899, involved the same issues as those presented in the case at bar, although some of the allegations of the pleadings are very similar.

While the evidence of the value of the subject-matter involved is not as clear and definite as might be desired, we are of the opinion that there was sufficient evidence to show that the property interest of the plaintiff in the premises was worth at least $2,000, and this would seem to justify the award of a special allowance upon this amount. Black v. Railroad Co., 32 App. Div. 468, 474, 53 N. Y. Supp. 312, and authority cited; Woodbridge v. Bank, 45 App. Div. 166, 172, 61 N. Y. Supp. 258; Deuterman v. Gainsborg, 54 App. Div. 575, 581, 66 N. Y. Supp. 1009.

The judgment appealed from should be affirmed, with costs. All concur, except BARTLETT, J., who is of the opinion that the testimony as to the value of the property is too indefinite to afford any basis for an extra allowance.