---

(52 Misc. 20)

### FREEDMAN et al. v. NEW YORK CENT. & H. R. R. CO. et al.

(Supreme Court, Special Term, New York County.   November, 1906.)

1. EMINENT DOMAIN—DAMAGES—PERSONS ENTITLED.

> Where deeds in plaintiff's chain of title contained a reservation of a former grantor's right of action and demand for damages for the operation of an elevated railroad in front of the premises, plaintiffs were bound by the notice given by such deeds, and therefore had no equitable interest in the recovery of the former owner for such injuries to the property.

2. JUDGMENT—ESTOPPEL—PERSONS CONCLUDED—TRUSTEE.

> Where plaintiffs' prior grantor reserved the right to recover damages against an elevated railroad for maintaining and operating their structure in front of plaintiff's premises, and later prosecuted an action to judgment which was in full force and effect, plaintiffs, who were only entitled to sue to recover such damages as trustees for such prior grantor, were estopped by her judgment from maintaining such action.

Action by Samuel Freedman and another against the New York Central & Hudson River Railroad Company and another.   On demurrer to defendants' separate defense.   Overruled.

Arnstein Levy (George W. Files, of counsel), for the demurrer.
Ira A. Place (Alexander S. Lyman, of counsel), opposed.

GIEGERICH, J.   The action is the ordinary one against an elevated railroad for an injunction and damages against the defendants for maintaining and operating their structure in front of the plaintiffs' premises.   One Mary E. Maurer, a predecessor in title of the plaintiffs, and the one from whom, through a chain of mesne conveyances, they obtained their title, began an action similar to the present one on the 16th day of March, 1900, and on the 30th day of September, 1905, obtained a judgment awarding her the sum of $2,600 as fee damages, which judgment is still in full force and effect.   It further appears that in October, 1904, she conveyed the premises to certain intermediate grantees, reserving, however, her right of action and demand above mentioned, and those grantees, in turn, conveyed the premises subject to the same right of action and demand, which reservation was continued in the several subsequent mesne conveyances, except the one to the plaintiffs, who, it is alleged, took title with full notice of all reservations and equities created and existing between the said Mary E. Maurer and the successive owners of the premises, and that the plaintiffs herein are mere naked trustees of the easements of light, air, and access, so far as the same are taken by the operation of the railroad structure in front of the said premises, and that the judgment obtained in said action by said Mary E. Maurer is res adjudicata upon all the issues presented by the complaint.

In support of the demurrer it is contended that the reservations above mentioned were not covenants running with the land, but were simply

personal contracts.   However this may be, the plaintiffs are bound by the notice conveyed in the various deeds in their chain of title, and would have no equitable interest in any recovery of damages for injury to the easements mentioned; that interest being vested exclusively in the former owner, Mary E. Maurer, who expressly reserved such rights to herself.   Western Union Tel. Co. v. Shepard, 169 N. Y. 170, 62 N. E. 154, 58 L. R. A. 115.   It is true that the right to sue for such damages is vested in the person who is at the time the owner of the premises, and such person is a trustee for his predecessor in title, in whose favor the reservation was made, as to all moneys received or judgments recovered for the invasion or destruction of the easements. McKenna v. B'klyn Union El. R. R., 184 N. Y. 391, 77 N. E. 615, and cases cited.   But where, as appears to be the case here, the predecessor in title, who alone has any equitable interest in the money or judgment that may be recovered, has prosecuted the action to judgment, and that judgment is in full force and effect, there is no equity existing to support the trust which would otherwise be vested in the plaintiffs, and their action must fail.   If Mary E. Maurer had continued to be the owner of the property, it is manifest that she would be bound by the judgment she has obtained, and would be estopped from maintaining a subsequent action for the same relief, and it is difficult to see how the plaintiffs, who would otherwise have power to sue as trustees in her behalf, are not, under the circumstances here shown, equally estopped from maintaining a subsequent action.

The demurrer is overruled, with costs to the defendants.