(117 App. Div. 125)

### SCHOMACKER v. MICHAELS.

(Supreme Court, Appellate Division, First Department. January 25, 1907.)

Lis Pendens—Right to File—Action—Nature and Form.

    Code Civ. Proc. § 1670, provides that in an action brought to recover a judgment affecting the title to, or the possession, use, or enjoyment of, real property, the defendant may file a notice of the pendency of the action, etc. *Held*, that such section did not authorize the filing of a lis pendens in an action for specific performance of an agreement contained in a conveyance by plaintiff to Q. for the release of certain easements in the premises so conveyed, defendant's obligation to execute such release, if any, arising from the fact that she had assumed a personal covenant of the original grantee by the conveyance of the property to her.

Appeal from Special Term, New York County.

Action by Dierck Schomacker against Sophia Michaels. From an order denying defendant's motion to cancel and discharge a lis pendens of record, she appeals. Reversed. Motion granted.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

Abraham A. Silberberg, for appellant.

L. M. Berkeley, for respondent.

INGRAHAM, J. The action was brought for the specific performance of an agreement contained in a conveyance by the plaintiff to one Quay for the release of certain easements in the premises conveyed by the plaintiff to Quay, and a notice of the pendency of this action was filed when the action was brought. The defendant interposed an answer and moved to cancel the notice of pendency of action upon the ground that this action was not one in which the plaintiff could file such a notice. This motion was denied, and the defendant appeals.

It would seem that by the decision of the Court of Appeals in McKenna v. Brooklyn Union Elevated Railroad Co., 184 N. Y. 391, 77 N. E. 615, that this reservation in the deed was a personal covenant, and did not affect the easement appurtenant to the property. Quay became the absolute owner of the easement, but undoubtedly any sum of money that she received from the railroad company for a destruction or appropriation thereof she would hold for the plaintiff's benefit; but I do not see how this affected in any way the real property, or authorized the defendant to file a notice of the pendency of action. The Court of Appeals in the McKenna Case expressly held that there was no equitable lien upon the easement which was binding upon a grantee of the plaintiff's grantee, that such easements are inseparable from the

estate to which they are appurtenant, and the covenants in the deed in relation thereto were personal covenants of the grantee. They did not run with the land, and could not affect either the property or the easement which was appurtenant to it. Section 1670 of the Code of Civil Procedure provides: "In an action brought to recover a judgment affecting the title to, or the possession, use, or enjoyment of, real property" the defendant may file a notice of the pendency of the action, but as this action could not affect either the title to, or the possession, use, or enjoyment of, real property, the notice of the pendency of the action was improper. If the defendant is bound to execute any release releasing this easement to the railroad company, it is because she has assumed a personal covenant of the original grantee by the conveyance of the property to her.

The plaintiff claims that this covenant gives her a vendor's lien for the value of these easements, but I do not see how that can follow. The consideration for the conveyance was the amount paid, and the agreement of the grantee in substance was to pay to the plaintiff any amount that should be recovered in consequence of the destruction of these easements by the railroad company. It is true, in an action of this character, the court will not determine whether or not the cause of action can be sustained, but, where there is no allegation in the complaint upon which a judgment could be recovered affecting the title to, or the possession, use, or enjoyment of, real property, the notice of pendency of the action was improperly filed, and it should be canceled.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.