MAURER v. FRIEDMAN et al.

(Supreme Court, Appellate Division, First Department. May 8, 1908.)

1. DEEDS—DAMAGES TO EASEMENTS—RIGHT OF GRANTOR TO RESERVE.

Though one could not part with title to land and reserve to herself title to the easements of light, air, and access, she could reserve to herself a right of action for damages which the easements had sustained, and, if her grantee collected such damages, he would hold them in trust for her.

2. LIS PENDENS—PROPER ACTION FOR FILING.

An action to enforce a reservation by a grantor of land of a right of action for damages sustained by easements of light, etc., before the conveyance, and to compel a grantee to execute a release so that the grantor may receive damages awarded or agreed upon, is an action affecting land, and one in which a lis pendens may be properly filed.

3. DEEDS—RESERVATIONS—EFFECT.

The right reserved by a grantor of land to recover for damages previously sustained by easements of light, etc., being a right respecting land, and being lawfully reserved in her conveyance and all of the subsequent conveyances prior to the one to defendants, and all of the conveyances being recorded, title to the damages remained in the grantor, and defendants may not claim them, though their deed did not recognize the reservation, and though a clause in the agreement between the grantor and her grantee provided that the reservation should not be a lien or incumbrance on the land.

4. COVENANTS—LIABILITIES OF SUBSEQUENT GRANTEES.
     It is not necessary that a covenant between grantor and grantee
should be one technically running with land to be enforceable against a
subsequent grantee; it being sufficient that he has notice of it.
     [Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Covenants, § 91.]

5. VENDOR AND PURCHASER—BONA FIDE PURCHASER.
     A purchaser of land is presumed to investigate his title, and, where any
defect or restriction or covenant appears in the recorded chain of title,
it is sufficient to charge him with notice.
     [Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Pur-
chaser, §§ 513, 514.]

     Ingraham, J., dissenting.

     Appeal from Special Term, New York County.
     Action by Mary E. Maurer against Samuel Friedman and another.
from a judgment dismissing the complaint, plaintiff appeals. Re-
versed, and new trial ordered.
     Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGH-
TON, and SCOTT, JJ.

     L. M. Berkeley, for appellant.
     Harry L. Brooks, for respondents.

     HOUGHTON, J. The plaintiff was the owner of real property.
abutting on Park avenue in the city of New York, and after she had
commenced an action against the railway companies engaged in con-
structing an elevated structure in that street for damages to her ease-
ments of light, air, and access she conveyed the premises, reserving
such right to action for such damages.
     The reservation clause in the deed contained a stipulation that the
grantees would sign and execute any and all releases which might be
required, and, in addition, they executed a formal agreement reciting
that the plaintiff had reserved, and by the agreement did reserve, to
herself, all rental and fee damages arising from the construction of
the elevated structure and operation of the railroad thereon, and that
she should prosecute to judgment her action then pending, or such
other action in the name of the grantees as she might see fit, for the
recovery of permanent damages, and that the grantees would execute
to the railroad such releases of damages to easements as she might
request. This agreement further provided that in case the grantees
should sell the premises they should procure from their vendees an
agreement assuming their obligations to execute releases and permit
the prosecution of actions, and that each subsequent owner should be
compelled so to do. The final clause of the agreement read as follows:
     "But this agreement shall not be construed in any manner as a lien or in-
cumbrance or binding or affecting said described premises."

     The plaintiff's immediate grantees conveyed the premises to two
individuals, and in the deed the conveyance was stated to be subject
to plaintiff's right of action against the railroad company for damages
sustained by reason of the operation of the railroad in front of the
premises, and that the grantees would execute any and all releases
which might be required. These grantees in turn conveyed the prem-
ises to three individuals, and by the deed of conveyance the premises

were stated to be conveyed, "subject, however, to the rights of any prior owner or grantor of the aforesaid premises to actions and demands for damages against any railroad company, and subject to any and all agreements in that regard heretofore made, which agreements the parties of the second part hereby agree to assume and perform";· the agreement being referred to and identified as to date and place of record. One of these grantees conveyed to the other two, and they conveyed the premises to these defendants without reservation or mention of the agreement. At the time defendants took their conveyance all prior conveyances had been duly recorded in the proper office. The agreement was also recorded in the same office as the deeds. No lis pendens in plaintiff's action had been filed, and it was conceded the defendants had no notice of the reservations and of plaintiff's rights other than the constructive notice flowing from the record.

The plaintiff's action terminated in the usual judgment that a certain sum be paid by the railroad company upon the execution and delivery of a proper release. The plaintiff requested the defendants to execute such a release, which they refused to do, claiming that whatever damages the property had suffered or would suffer by reason of the erection of the elevated structure in the street and the operation of a railroad thereon belonged to them. This action was brought to compel them to execute such release, or, in the event of their failing so to do, to declare the amount of plaintiff's recovery a lien upon the premises and that they be sold to satisfy the same. The learned trial court dismissed plaintiff's complaint on the theory that the final clause of the agreement above quoted released the premises from any lien or incumbrance arising out of the original reservation or the agreement itself, and that defendants not having agreed to execute any release, and the conveyance to them not being specially subject to plaintiff's rights, they were under no obligation to surrender to her the damages which the property had suffered at the time she parted with title and made her reservation.

We are of opinion that this view was erroneous. Although the plaintiff could not part with title to the real property and reserve to herself title to the easements of light, air, and access, yet she could reserve to herself the damages which those easements had sustained, and, if her grantee collected such damages he would hold them in trust for her. Western Union Telegraph Co. v. Shepard, 169 N. Y. 170, 62 N. E. 154, 58 L. R. A. 115. An action to enforce such a reservation and to compel a grantee to execute a release to the railroad company so that the grantor may receive the damages awarded or agreed upon is an action affecting real property, and one in which a lis pendens may be properly filed. Schomacker v. Michaels, 189 N. Y. 61, 81 N. E. 555. When that case was before us (117 App. Div. 125, 102 N. Y. Supp. 334), we were of the opinion that the action was a mere personal one to enforce a trust, and that the filing of a lis pendens was improper. Our view was held to be erroneous, and in the course of his opinion demonstrating that the action was one affecting the title to real property Cullen, C. J., says:

"The defendant has now easements of light, air, and access upon which the railroad companies are trespassing. These by law are appurtenant to her land. If the plaintiff is successful in the suit and compels her to release those easements to the railroad companies, it is very plain that defendant's title will be different from that which she now holds."

Applying the holding of that case and the language quoted to the present one, it follows that, although the plaintiff in her original conveyance reserved to herself only rights of action and demands against the railroad companies for damages sustained by the erection of the structure and the operation of the railroad, she, in effect, reserved something out of the real property. Although she passed from herself title to the land and the easements of light, air, and access appurtenant thereto, the title granted of the easements was a qualified and impaired one, because she reserved to herself the damages which they had suffered. The right to these damages to easements, affecting as they did real property, being lawfully reserved, her grantees could never pass title to them. Viewing the conveyance in this strict manner, the recording act is a complete bar to defendants' claim, for all the conveyances prior to their own contained the reservation or mention of it, and it was immaterial whether their own deed recognized it or not.

But the plaintiff's rights may be viewed in a much broader way. The damages which the property had suffered by reason of the elevated railway structure necessarily affected the purchase price. The reservation of damages on the part of the plaintiff was plainly for the purpose of enabling her to realize the full value of the lands. "Equity will never permit a dishonest advantage to be gained under a technical rule of law, or tolerate that a purchaser shall keep for himself, against his grantor, the proceeds of rights which he did not pay for or intend to purchase, but, on the contrary, expressly agreed should belong to his grantor." Western Union Telegraph Co. v. Shepard, supra. It is not a necessity that a covenant between grantor and grantee should be one technically running with the land in order to be enforced against a subsequent grantee. It is sufficient that he has notice of it. Hodge v. Sloan, 107 N. Y. 244, 17 N. E. 335, 1 Am. St. Rep. 816. A purchaser must be presumed to investigate his title, and, where any defect or restriction or covenant appears in the recorded chain of title, it is sufficient to charge him with notice. Acer v. Westcott, 46 N. Y. 384, 7 Am. Rep. 355; Holt v. Fleischman, 75 App. Div. 593, 78 N. Y. Supp. 647. The chain of title from plaintiff to the defendants contained the reservation and numerous references to it, and they must be presumed to have known of plaintiff's rights. Assuming that the agreement which was also recorded did not come within the provisions of the recording act, and that defendants were not bound to take notice of it, there was sufficient notice in the various deeds on record.

The final clause of the agreement providing that the reservation of the damages should not be deemed a lien or incumbrance binding or affecting the land was ineffectual to destroy the reservation contained in the deed and appearing in the chain of title. The defendants by their conveyance did not acquire the damages which the

premises had suffered at the time plaintiff parted with title, and we think they should have been required to execute such release as would enable the plaintiff to collect them from the railroad company.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.

LAUGHLIN, CLARKE, and SCOTT, JJ., concur.

INGRAHAM, J. (dissenting). I dissent. I think the purchaser having acquired the real property acquired a valid title to the easements as well as the property to which they were appurtenant. The reservation in the prior deeds by which the plaintiff reserved to herself the right of action and demand against the railroad company for damages sustained by her by reason of the operation of the railroad in front of said premises was not a reservation of the easements or of a title to or interest in the real property. The easements, being merely appurtenant to the property conveyed, necessarily passed with the land. The effect of this reservation was a personal covenant with the grantees by which they would be responsible to the grantor for the amount that should be collected in consequence of the trespass by the railroad company, with a covenant that the grantees would execute such a release as would render that reservation effective. There is no provision in the deed which in express terms made this covenant binding upon a grantee, nor that makes an acceptance of a conveyance of the property an agreement to comply with the covenant. It could not be treated in any way except as a personal covenant by the grantee, which could be enforced against subsequent grantees, if they expressly assumed it, or if the conveyances were made subject to it. Plaintiff does not seek to enforce a covenant against the land, or to collect from the defendants any sum that they have collected from the railroad company, but asked to have enforced a covenant of their plaintiff's grantees which these defendants have never assumed or agreed to carry out. While the plaintiff's grantees by conveying the property may have rendered themselves liable to the plaintiff for having put it out of their power to comply with their personal covenant, there was nothing to justify a court of equity requiring these defendants to comply with an obligation of their grantors which they have never assumed. In Western Union Tel. Co. v. Shepard, 169 N. Y. 170, 62 N. E. 154, 58 L. R. A. 115, all the conveyances, including that to the defendant, contained a reservation of the right of damages. And in Schomacker v. Michaels, 189 N. Y. 61, 81 N. E. 555, the action was against the plaintiff's grantee. That the parties intended this reservation to be a mere personal covenant appears from the instrument executed at the time of the conveyance, and which must be read in connection therewith, which provided that the agreement should "not be construed in any manner as a lien or incumbrance or binding or affecting said described premises."

I think, therefore, this judgment was right, and it should be affirmed.