### FLAUM v. KAISER BROS. CO. et al.

(Supreme Court, Special Term, New York County.    March 24, 1910.)

1. CORPORATIONS (§ 333*)—INDEBTEDNESS—TRANSFER OF ASSETS—LIABILITY OF DIRECTORS.

Under Code Civ. Proc. § 1781, subd. 2 (General Corporation Law [Consol. Laws, c. 23] § 90), making directors of a corporation liable to suit by creditors to compel payment of any money or the value of any property misapplied, directors cannot effect a voluntary dissolution of a corporation, by selling and transferring all its property and distributing the proceeds among the stockholders, without providing for the payment of creditors, even though the purchaser. assumes the payment of the corporate debts.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1451; Dec. Dig. § 333.*]

2. CORPORATIONS (§ 309*)—DIRECTORS—CONTRACTS WITH CORPORATION.

While directors may in good faith advance money to a corporation and take security therefor, an officer cannot agree with himself, acting on the one part individually and on the other part in his fiduciary capacity, and thus claim the property as against corporate creditors.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1366–1373; Dec. Dig. § 309.*]

3. TRUSTS (§ 72*)—RESULTING TRUSTS—PAYMENT OF CONSIDERATION BY STOCKHOLDER—CONVEYANCE TO CORPORATION.

Under Real Property Law (Laws 1896, c. 547) § 74 (Consol. Laws, c. 50, § 94), providing that a grant of real property to one person, the consideration being paid by another, is presumed fraudulent against the creditors, and no use or trust results in favor of the person paying the consideration, unless (1) the grantee takes absolute conveyance without the knowledge or consent of the person paying the consideration, or (2) the grantee in violation of some trust purchased the property so conveyed with money or property belonging to another, no trust arose in favor of the stockholders of a corporation who with their individual funds purchased property and had conveyance made to the corporation.

[Ed. Note.—For other cases, see Trusts, Dec. Dig. § 72.*]

4. CORPORATIONS (§ 333*)—PROPERTY—TITLE IN NAME OF OFFICERS.

Where property owned by a corporation was exchanged for other property, title to which was taken in the name of directors who were majority stockholders, they took title in trust for the corporation and subject to the demands of its creditors, under Code Civ. Proc. 1781, subd. 2 (General Corporation Law [Consol. Laws, c. 23] § 90), making directors liable for misapplying property of the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1451; Dec. Dig. § 333.*]

Action by Charles Flaum against the Kaiser Bros. Company and others.    Judgment for plaintiff.

Weschler & Rothschild, for plaintiff.
Levy, Rosenthal & Herrmance, for defendants.

DAYTON, J.    Michaelis and Arnold Kaiser were partners in a mercantile business.    Desiring, as they say, that their real estate transactions should be dissociated from their mercantile business, they, with their attorney, organized a corporation under the name of Kaiser Bros. Company for the handling of real estate, with an authorized capital stock of $10,000.    Ten shares of this stock were subscribed, nine by the

Kaiser brothers, for which they paid in cash the full face value, $900, and one share was issued to the attorney for his services; and these three constituted the board of directors and the only stockholders. The $900 paid by the Kaisers for their stock was placed in a safe and drawn out as occasion required, until the whole amount was exhausted. No bank account was opened by the corporation, and it kept no books. In this condition of things Arnold Kaiser, acting for himself and his brother, entered into a contract for the purchase of certain real estate situated on Brook avenue, in the city of New York, which contract was subsequently, upon a resolution adopted by the directors of the Kaiser Bros. Company, taken over and assumed by that company. This contract was finally performed by the payment of the purchase price with funds advanced by the Kaisers, and the property was conveyed to the Kaiser Bros. Company. Thereafter the corporation contracted to exchange the property for an apartment house situated on Amsterdam avenue, in New York City, and in the carrying out of this contract the corporation conveyed away the Brook avenue property, but the Amsterdam avenue property was conveyed directly to the Kaisers individually. In the meantime the corporation had incurred a liability to the plaintiff in this suit for services as broker in effecting the above-mentioned exchange of properties, and before the conveyances were made he brought an action against the corporation and recovered a judgment after the conveyances were made. Upon that judgment an execution issued and was returned unsatisfied, because the corporation had been stripped of all its tangible assets. This suit is brought for relief under the foregoing facts.

Plaintiff is admittedly the only creditor of the Kaiser Bros. Company. The individual defendants assert that the purchase money for the Brook avenue property was advanced by them under an agreement that they should collect the rents, which should be applied on the debt, until the property should be sold by the corporation, at which time any balance due them should be paid out of the proceeds of the sale, and that in the meantime they should have a lien on the property; that after the contract was made to exchange the Brook avenue property for the Amsterdam avenue property they consulted their attorney, the third director in the corporation, as to the disposition of the debt which the corporation owed them; and that it was then agreed that they, instead of the corporation, should receive the title to the Amsterdam avenue property, which was to be in full satisfaction of their claim. They now insist that this suit must fail because the taking of the title to the Amsterdam avenue property was but the carrying out of the previous agreements between them and the corporation; that under the conveyance of the Brook avenue property to the corporation they were the equitable owners; and that they, as directors, had a right to advance to the corporation and to take security therefor.

These contentions involve propositions of law which are sound as applied to the facts in various cases in which they have been expounded; but they cannot be successfully invoked on the facts of this case. It is manifest that the defendant corporation and the individual defendants were a unit, except as the naked form of incorporation

technically separated them. These individuals held themselves out as a corporation, and as directors they owed a duty to those who gave it credit or rendered it service. They cannot adopt a temporary corporate existence for their private purposes and advantage, invest the corporation with apparent title to assets, incur debts, and then, taking to themselves the entire corporate property, say to the creditors: "We have paid ourselves with our own property a debt which we contracted with ourselves, and there is not and never was any property subject to the payment of your claims." Directors cannot effect a voluntary -dissolution of a corporation, by selling and transferring all of its property and assets and distributing the proceeds among the stockholders, without providing for the payment of creditors, even though the purchaser assumes the payment of the corporate debts; and directors who so dispose of the corporate property are liable, under Code Civ. Proc. § 1781, subd. 2 (now General Corporation Law 1909 [Consol. Laws, c. 23] § 90), to a suit by creditors to compel payment of any money or the value of any property so misapplied. Darcy v. Ferry Co., 196 N. Y. 99, 89 N. E. 461; Cole v. M. I. Co., 133 N. Y. 167, 30 N. E. 847, 28 Am. St. Rep. 615.

True, the defendant directors say that the corporation is still in existence; but it is admitted that they have abandoned it and the purposes of its· organization, and that it is entirely without assets. Directors may in good faith advance money to a corporation and take security therefor. Converse v. Sharpe, 161 N. Y. 571, 56 N. E. 69, and other cases cited by defendants' counsel support the rule, and apply it with respect to particular facts as against contentions of illegal preferences. Ordinarily in such transactions the corporation and its creditors and stockholders are represented. That is not the case here. On the other hand, an officer cannot agree with himself, acting on the one part individually and on the other part in his fiduciary capacity. Judge Thompson, in 10 Cyc. 790, says that "a director cannot with propriety vote in the board of directors upon a matter affecting his own private interests any more than a judge can .sit in his own case" (quoted with approval in Jacobson v. Brooklyn Lumber Co., 184 N. Y. 162, 76 N. E. 1075). The same rule is recognized in Butts v. Wood, 37 N. Y. 317; and these authorities show that action by a board of directors, which required the vote of an interested director, is not binding upon the corporation. In the cases cited relief was granted at the suit of stockholders; but in the case at bar the stockholders are the directors, and there is no other stockholder save the attorney, who holds but one share of stock. In all the alleged agreement upon which the defendant directors rely to establish their right to appropriate the corporate assets they were in effect the sole parties. They agreed with themselves, advanced to themselves, reimbursed themselves; for they, with their attorney, were the only stockholders, and except in so far as they composed the corporation it was not represented.

The individual defendants say that, as their money paid for the Brook avenue property, a trust arose in their favor. The real property law (Laws 1896, c. 547, § 74; Consol. Laws 1909, c. 50, § 94) provides that a grant of real property to one person, the consideration being paid by another, is presumed fraudulent against the creditors at that

time; and no use or trust results in favor of the person paying the consideration, unless (1) the grantee takes the absolute conveyance without the consent or knowledge of the person paying the consideration, or (2) the grantee, in violation of some trust, purchases the property so conveyed with money or property belonging to another. Under this statute no trust arose in favor of these individual defendants. Their defensive attitude, under their pleadings and evidence, is that of a creditor. Furthermore, it was they who procured the title to be taken in the corporate name. The cases which have been cited in this connection are not opposed to this view. W. U. Tel. Co. v. Shepard, 169 N. Y. 170, 62 N. E. 154, 58 L. R. A. 115; Norton v. Mallory, 63 N. Y. 437; Foote v. Bryant, 47 N. Y. 544; Quinn v. Quinn, 69 App. Div. 598, 75 N. Y. Supp. 83.

Reference to one or two of these cases will be sufficiently illustrative. In Western Union Tel. Co. v. Shepard, 169 N. Y. 170, 62 N. E. 154, 58 L. R. A. 115, the trust was implied where in equity and good conscience as between the parties it would have been unconscionable to permit one of them to retain something which neither intended he should purchase; and it was said: "It is only where the existence of a trust is dependent upon the mere will of the parties that it must be created by express language" under the statute. And in Quinn v. Quinn, supra, it was held that the provision of the real property law as to such trusts must be considered in connection with another section of that law which permits the specific performance of a contract between the parties which has been partially performed, and a contract by which two brothers purchased property and took the title in the name of one of them was enforced after performance by both of them, in order to prevent a fraud.

On the other hand, however, the corporation here cannot be said to have had any real part in placing the legal title to the Amsterdam avenue property in the Kaisers. They took that title under the arrangement which has already been referred to, and they hold it in trust for the corporation and subject to the plaintiff's demand, under Code Civ. Proc. § 1781, subd. 2 (General Corporation Law [Consol. Laws 1909, c. 23] § 90).

Plaintiff is entitled to a personal judgment against Michaelis Kaiser and Arnold Kaiser, requiring them to pay to the plaintiff the amount of his judgment against the Kaiser Bros. Company, with interest from the date of its entry, together with the costs and disbursements herein, declaring the Amsterdam avenue property to be held by the individual defendants in trust for the corporation, and requiring the former to convey the legal title to said property to the corporation, to be subjected to the satisfaction of plaintiff's judgment herein, by proper process, unless the individual defendants pay said judgment within 10 days from service of a copy of this decree upon their attorneys.

This decree or judgment may be amended at the foot thereof in such manner as to give full effect to its provisions.