(58 Misc. Rep. 72.)

ANDERSON et al. v. NEW YORK CENT. & H. R. R. CO. et al.

(Supreme Court, Special Term, New York County. February, 1908.)

1. EMINENT DOMAIN—ELEVATION OF RAILROAD TRACKS—SALE OF PROPERTY—
   DAMAGES—RIGHTS OF GRANTOR.

   At the time of a deed of certain property to the city of New York, it was agreed by a separate instrument that a cause of action for damages against defendant railroad company for the elevation of its tracks in front of the premises conveyed or the running of trains thereon should not pass, but should remain the property of the grantor. *Held*, that the grantor had a good cause of action for the fee damages, but no cause of action for rental damages thereafter accruing.

2. SAME—INJUNCTION.

   In an action against a railroad company for damages to property by reason of the elevation of its tracks in front of said property and the running of trains thereon, plaintiffs were entitled to a decree enjoining the operation of such trains until payment of any damages recovered.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, §§ 773, 774.]

Action by William S. Anderson and others against the New York Central & Hudson River Railroad Company and others for damages caused by the elevation of defendants' tracks. Judgment for plaintiffs.

Bushby & Berkeley, for plaintiffs.

Ira A. Place, for defendants.

TRUAX, J. In January, 1896, the plaintiffs conveyed to the defendant Wheeler certain property on Park avenue, in this city, and at the same time entered into a separate agreement, which recites that the cause of action which the plaintiffs had against the New York Central & Hudson River Railroad Company and the New York & Harlem Railroad Company for damages to said property by reason of the elevation of the tracks in front of said property or the running of engines or trains thereon, or connected in any way therewith, accrued to the date of the instrument, should not pass by said conveyance to the defendant Wheeler, but should remain the property of

the plaintiffs herein. At the time of the making of this agreement the tracks in front of said property had been erected, but the running of engines and trains had not begun. It is claimed by the defendant Wheeler that nothing passed by said agreement to the plaintiffs. I am of the opinion that it was the intention of the parties to the said agreement to give to the plaintiffs the same right of action that was given to the plaintiff in the action of Freund v. Biel, 114 App. Div. 400, 99 N. Y. Supp. 1067. See, also, McKenna v. Brooklyn R. R. Co., 184 N. Y. 391, 77 N. E. 615. It was held by the Supreme Court of the United States in Muhlker v. N. Y. & H. R. R. Co., 197 U. S. 544, 25 Sup. Ct. 522, 49 L. Ed. 872, that owners of property abutting upon Park avenue had special easements upon the street, an evasion of which by the erection of the viaduct without compensation for such evasion was the taking of property without due process of law, in contravention of the federal Constitution. To apply the law of that case to this it in effect holds that plaintiffs have a good cause of action against the railroad companies, defendants, for fee damages and rental damages from the time trains began to run upon the viaduct. The plaintiffs claim that they are entitled to rental damages from the 16th day of February, 1897, when trains began to run, to the date of trial. This claim cannot be sustained. They parted with their title in January, 1896, at a time when they had no cause of action for rental damages against the defendants, the railroad corporations, and I am of the opinion that the agreement above referred to does not reserve to plaintiffs a cause of action for rental damages. They are, however, entitled to recover the value of the easements that have been taken from the property, and under the rule laid down in the Freund Case and in the McKenna Case the plaintiffs may enforce against all the defendants in this action all their equitable rights. It is true that the defendant Wheeler has entered into a contract liquidating these damages in the sum of $2,500, but as he was acting as trustee for the plaintiffs, with the knowledge of the defendants, and as that contract was made without the knowledge or assent of the plaintiffs, the plaintiffs have the right to have the real damages assessed, and to obtain a decree enjoining the railroad companies until they pay such damages and compelling the trustee, the defendant Wheeler, to release the easements when such damages have been paid.

The plaintiffs have equitable rights. Their trustee refuses to recognize and enforce those rights, and for that reason the plaintiffs themselves may come into court and enforce them. Judgment accordingly.