Jane A. McKenna, Respondent, v. The Brooklyn Union Elevated Railroad Company et al., Appellants, Impleaded with Another.

1. Easements — Although Reserved, Pass With Conveyance of Freehold. · Easements of light, air and access, appurtenant to real property abutting on a public street or highway, are inseparable from the dominant estate, and upon a conveyance of the latter such easements pass to the grantee, notwithstanding the grantor's attempted reservation of the same or of any rights of action for the invasion or destruction thereof.

2. Effect of Reservation Is to Make Grantee the Trustee of Moneys Received for Subsequent Conveyance. Although such reservation in a deed is ineffectual to create a trust in such easements, it does create a resulting trust by virtue of which the grantee becomes a trustee for his grantor as to all moneys received or judgments recovered for the invasion or destruction of such easements.

3. Grantee Alone Can Sue for Damages or Execute Release. The owner of premises as to which such easements have been destroyed is the only person who can sue for the damages thus caused or who can execute a release in satisfaction thereof, and, therefore, a person or corporation invading or destroying such easements has the right to obtain a release from the owner of the dominant estate who alone is legally entitled to the resulting damages.

4. Action by Grantor to Set Aside Subsequent Conveyance and to Recover Damages for Invasion or Destruction of Easements. Where the abutting owner of property injuriously affected by the operation and maintenance of an elevated railroad brings the usual action for damages and, during its pendency, conveys the property, reserving, however, his easements and the right of action therefor, and subsequently the railroad company, with knowledge of such reservation, obtains from his grantee a release of the easements and of any right of action relating thereto, for a stipulated sum, and thereafter the former owner brings an action against the company and his grantee, demanding that the latter be declared a trustee for his benefit and that the release be declared void and set aside, a judgment reversing a decision of the trial court dismissing the complaint as to the company, apparently based upon the theory that the reservation in plaintiff's deed was effectual to create an equitable lien upon the easements which was binding upon the company, is erroneous, since there can be no lien upon such easements, separate and apart from the freehold to which they are appurtenant; the reservation created an equitable lien in favor of plaintiff as against his grantee, upon

the moneys received as a consideration for the release and nothing more, and in the absence of any allegation or proof of fraud or insufficiency of consideration, the amount received is conclusive as between them.

*McKenna* v. *Brooklyn Union El. R. R. Co.*, 95 App. Div. 226, reversed.

(Argued March 26, 1906; decided April 3, 1906.)

Appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 17, 1904, reversing a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term and granting a new trial.

The facts in this case are undisputed. They are all set forth in the complaint, and those which are material to this appeal are substantially as follows: Sometime prior to September 19, 1900, the defendant the Brooklyn Union Elevated Railroad Company built an elevated railroad structure on Myrtle avenue in the borough of Brooklyn, city of New York, a portion of which structure was in front of the premises then owned by the plaintiff abutting on that avenue. On the day mentioned she commenced the usual action against the Brooklyn Union Elevated Railroad Company and its lessee, the defendant the Brooklyn Heights Railroad Company, to recover damages for interference with her easements of light, air and access and for an injunction.

While that action was pending and on July 1, 1901, the plaintiff conveyed the property to the defendant Mary E. Gordon. The deed then executed and delivered contained the following reservation: "Subject also to the party of the first part's (Plaintiff's) reservation of all right, title and interest of, in and to the easements occupied, abridged or used by The Brooklyn Union Elevated Railroad Company and their lessee the Brooklyn Heights Railroad Company, and a certain action now pending against said company and their lessee for injury to the fee and rental of said premises, and all right, interest, judgments or otherwise that may accrue therefrom, it being the intention of the party of the first part to convey said described premises, reserving all the right or rights of damages against the said railroad companies by reason of the

interference with the easements of light, air and access, and to hold the party of the second part (defendant Gordon) free from any charges or costs, judgments or otherwise, which may arise by reason of any action now pending against the said railroad companies, upon the understanding and agreement that the party of the second part will join with the party of the first part in all necessary papers or actions to enable the party of the first part to effectually and legally carry on her action, terminate the same, or carry out the directions or orders of the court in which such action is brought, and upon the termination of said action by settlement by judgment of the court, to release to the said railroad companies a right to the easements now occupied, used or abridged by them."

The deed containing this reservation was recorded on July 2, 1901, and the defendant railroad companies had knowledge of its provisions.  Notwithstanding such knowledge, and while plaintiff's first action against the railroad companies was pending, the latter obtained from Mary E. Gordon (plaintiff's grantee) a general release expressing a nominal consideration, but given upon a consideration of $500, and absolving such railroad companies from all further damages arising by reason of the construction and maintenance of the elevated railroads in front of the premises referred to.  This release was dated May 3, 1902, was in writing and under seal.

The complaint herein demands judgment: 1. That the defendant Gordon be declared a trustee for the benefit of the plaintiff under the provisions of the deed above referred to. 2. That the release made by said Mary E. Gordon to the defendant railroad companies be declared void and set aside, and the same canceled of record.  3. That the said Mary E. Gordon be ordered and directed to become a party to the action above referred to and directed to execute all proper and necessary papers in reference to the matters contemplated by the agreement between her and the plaintiff.  4. That the plaintiff have such other or further judgment or order in the premises as may be requisite and necessary in order to carry out and complete the terms and provisions of the trust agree-

ment contained in the deed of the plaintiff to said Mary E. Gordon.

At the conclusion of the trial the court found the facts above stated and rendered judgment dismissing the complaint as to the defendant railroad companies, but decreed that the defendant Gordon holds the $500 which she received from the railroad companies in trust for the plaintiff and that the plaintiff is entitled to judgment against her for that amount. The judgment entered upon that decision was reversed by the Appellate Division upon the law and facts, and the defendant railroad companies have now appealed to this court.

*Charles L. Woody* and *George D. Yeomans* for appellants. The agreement in the deed between McKenna, the grantor, and Gordon, the grantee, clothes the grantee with sufficient power to make a settlement with the railroad companies, and she having made such a settlement, the same cannot be assailed in this action. (*W. U. T. Co.* v. *Shepard*, 169 N. Y. 170; *Blackman* v. *Striker*, 142 N. Y. 560; *Foote* v. *El. R. R. Co.*, 147 N. Y. 367.) It was error to hold that the reservation in the deed of McKenna to Gordon did not give Gordon the authority to receive the money paid in settlement of the easements by the railroad company. (*Washburn* v. *Benedict*, 26 App. Div. 489; *Cowee* v. *Cornell*, 75 N. Y. 91; *Bailey* v. *Rider*, 10 N. Y. 363; *Bank* v. *White*, 6 N. Y. 236; *Forker* v. *Brown*, 30 N. Y. Supp. 827; *Reed* v. *C. C. G. Co.*, 47 Hun, 411; *Caldwell* v. *King*, 4 Cow. 207; *P. F. Ins. Co.* v. *Phillip*, 13 Wend. 81; *Taylor* v. *Fleet*, 4 Barb. 95; *Price* v. *Heath*, 41 Hun, 585; *Beardsley* v. *Duntley*, 69 N. Y. 577.) The relief which the Appellate Division has decided that the plaintiff may have is inconsistent with the relief asked for in the plaintiff's complaint. (*Fowler* v. *Bowery Sav. Bank*, 113 N. Y. 450; *Broege* v. *Ott Mfg. Co.*, 163 N. Y. 470.) The prayer in plaintiff's complaint was granted as far as the court at Trial Term had power to grant the same under the evidence. (*Fowler* v. *B. S. Bank*, 113 N. Y. 458.) The trial court did not err in

rejecting evidence offered by the plaintiff, and the Appellate Division did err in reversing this case because such evidence was excluded. (Perry on Trusts, § 187; *Jaeger* v. *Kelley*, 52 N. Y. 274.)

*George W. Sickels* and *Cyrus W. Washburn* for respondent. The plaintiff has an equitable interest or lien upon the property until a suit for past, present and future damages terminates in judgment or settlement by respondent. (*Peck* v. *Jenness*, 7 How. Pr. 612; *Buchan* v. *Sumner*, 2 Barb. Ch. 165; *Willetts* v. *Brown*, 42 Hun, 144; *Trustees, etc.*, v. *Lynch*, 70 N. Y. 440; *Smith* v. *Smith*, 51 Hun, 164; 125 N. Y. 224; *Lewis* v. *Gollner*, 129 N. Y. 227; *Bradley* v. *Walker*, 39 N. Y. S. R. 253; *Round Lake Assn.* v. *Kellogg*, 47 N. Y. S. R. 668; *Coleman* v. *Bresnahan*, 54 Hun, 619; *Matter of Coatsworth*, 37 App. Div. 295; *Mayor, etc.*, v. *Law*, 125 N. Y. 380.) The plaintiff acquired by express contract and covenant in deed, an easement or servitude in premises conveyed. (*Pegram* v. *N. Y. El. R. R. Co.*, 147 N. Y. 135; *W. U. T. Co.* v. *Shepard*, 169 N. Y. 180; *Mayor, etc.*, v. *Law*, 125 N. Y. 388; *Lewis* v. *Gollner*, 129 N. Y. 227.) The equitable effect of the reservation clause is to make the defendant Gordon, and her grantee, the railroad companies, trustees for the benefit of the plaintiff. (*W. U. T. Co.* v. *Shepard*, 169 N. Y. 181; *McKenna* v. *B. El. R. R. Co.*, 95 App. Div. 226; *Foote* v. *Bryant*, 48 N. Y. 543; *Pegram* v *N. Y. El. R. R. Co*, 147 N. Y. 135; *Trustees, etc.*, v. *Lynch*, 70 N. Y. 440; *Fletcher* v. *Morey*, 2 Story, 545; *Ketchum* v. *St. Louis*, 101 U. S. 306; *Field* v. *Mayor, etc.*, 6 N. Y. 178; *Stover* v. *Eyclesheimer*, 3 Keyes, 620; *Carver* v. *Creque*, 46 Barb. 507; *Nat. Bank* v. *Rogers*, 166 N. Y. 380; *Lewis* v. *Gollner*, 129 N. Y. 227.) The defendant railroad companies had full notice of the equitable claim of Jane A. McKenna, and their title will be postponed and made subservient to it. They were not *bona fide* purchasers. (*Clapp* v. *Byrnes*, 3 App. Div. 284; *Hodge* v. *Sloane*, 107 N. Y. 244; *Sweet* v. *Henry*, 175 N. Y. 276; *W. U. T. Co.* v. *Shepard*, 169 N. Y. 181; *McPherson* v.

*Rollins,* 107 N. Y. 316 ; *Anderson* v. *Blood,* 152 N. Y. 203 ; *Baher* v. *Bliss,* 39 N. Y. 70 ; *Acer* v. *Wescott,* 46 N. Y. 384 ; *Reid* v. *Gannon,* 50 N. Y. 345 ; *Trustees, etc.,* v. *Lynch,* 70 N. Y. 440 ; *Bennet* v. *Buchan,* 76 N. Y. 386 ; *Kirsch* v. *Tozier,* 143 N. Y. 390.)

WERNER, J.    A very brief statement of a few pertinent legal principles will suffice to dispose of the case at bar.    1. Easements of light, air and access, appurtenant to real property abutting upon a public street or highway, are inseparable from the dominant estate, and upon a conveyance of the latter such easements pass to the grantee, notwithstanding the grantor's attempted reservation of the same, or of any rights of action for the invasion or destruction thereof.    (*Pappenheim* v. *Metr. E. R. Co.,* 128 N. Y. 436 ; *Kernochan* v. *N. Y. El. R. R. Co.,* Id. 559 ; *Pegram* v. *N. Y. El. R. R Co.,* 147 id. 135 ; *Foote* v. *Metr. E. R. Co.,* Id. 367 ; *Shepard* v. *Man. Ry. Co.,* 169 id. 160 ; *Western Union Tel. Co.* v. *Shepard,* Id. 170.)

2. Although such a reservation in a deed is ineffectual to create a trust in such easements, it does create a resulting trust by virtue of which the grantee becomes a trustee for his grantor as to all moneys received or judgments recovered for the invasion or destruction of such easements.    (*Pegram* v. *N. Y. El. R. R. Co., supra ; Western Union Tel. Co.* v. *Shepard, supra.*)

3. The logical corollary of the two foregoing propositions is, that the owner of premises as to which such easements have been invaded or destroyed, is the only person who can sue for the damages thus caused, or who can execute a release in satisfaction thereof, and it follows as a necessary legal deduction that the person or corporation invading or destroying such easements has the right to obtain a release from the owner of the dominant estate, who alone is legally entitled to the resulting damages. .

The complaint in the case at bar undoubtedly alleges facts which justify the legal conclusion that when the grantee

(Gordon) received from the railroad companies the moneys paid in consideration of the release executed by her, she became the trustee of the plaintiff (grantor) as to such moneys; and as these facts were not disputed the learned trial court properly held that the grantee (Gordon) should be brought in as a party defendant, to the end that there might be an adjudication of the matter as between her and the plaintiff. To this extent the decision at Special Term was concededly correct. But the plaintiff contends that it was error for the court to dismiss the complaint as to the defendant railroad companies, and to that view the learned Appellate Division gave its assent by reversing the judgment entered at Special Term. This disposition of the case seems to have been based upon the theory that the reservation in the deed from the plaintiff to Gordon, her grantee, was effectual to create an equitable lien upon the easements therein referred to, which was binding upon the railroad companies who took the release from Gordon with knowledge of the reservation in the deed to her. We cannot subscribe to this theory. It is fundamentally at variance with the established principles that such easements are inseparable from the estate to which they are appurtenant. Since there can be no lien upon such easements separate and apart from the freehold to which they are appurtenant, it is clear that upon the facts alleged in the complaint and established at the trial, the plaintiff was entitled to no relief as against the defendant railroad companies. The reservation in the deed from the plaintiff to the defendant Gordon accomplished nothing save the creation of an equitable lien in favor of the former as against the latter upon the moneys received as a consideration for the release of the easements, and in the absence of any allegation or proof of fraud or insufficiency of consideration, the amount thus received is conclusive as between them.

It is true that the plaintiff sought to prove inadequacy of consideration and such fraud as might be inferred from that circumstance, and the refusal of the trial court to receive such evidence is one of the grievances assigned by plaintiff

on this appeal.   A sufficient answer to plaintiff's contention in that behalf is that the complaint contains no allegation to support such proofs.   The plaintiff was given the opportunity at the trial to amend her complaint, which she declined, and the record as it stands clearly justifies the ruling of the trial court in dismissing the complaint as against the defendant railroad companies.

We need go no further to sustain the decision of the trial court, although it may be added that it is, to say the least, extremely doubtful whether the plaintiff could maintain any equitable action against the defendant railroad companies under any circumstances.   There is absolutely no privity of contract or relation between them.   The plaintiff's equitable remedy is against her grantee alone, who is impressed into the relation of trustee as to the fund, merely to prevent such wrongs and hardships as might be inseparable from an inadequate legal remedy.   We do not say that circumstances may not arise under which a grantor in the position of the plaintiff may not have a cause of action against both her grantee and those to whom the latter may have released the easements, but we can conceive of no such case unless it be founded upon express allegations of affirmative fraud in which both releasor and releasee were active participants, and in such a case the remedy at law is usually sufficient, and as that question is not presented by this record we do not decide it.

The order of the Appellate Division should be reversed and the judgment entered upon the decision of the trial court affirmed, with costs in both courts.

Cullen, Ch. J., Gray, Edward T. Bartlett, Hiscock and Chase, JJ., concur; O'Brien, J., absent.

Order reversed, etc.