FREUND v. BIEL et al.

(Supreme Court, Appellate Division, First Department.　July 12, 1906.)

1. EASEMENTS—SEVERANCE OF RIGHT—RESERVATION OF EASEMENTS—EFFECT.
　　A grantor of land abutting on a street cannot by a reservation in the deed retain the easements of light, air, and access appurtenant to the land.

　　[Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Easements, § 63.]

2. SAME—EFFECT OF RESERVATION.
　　A reservation of the easements of light, air, and access in a deed of land abutting on a street is ineffective to create a trust in the easements in favor of the grantor, but creates as between the parties a resulting trust, by virtue of which the grantee becomes a trustee for the grantor as to all moneys received or judgments recovered for an invasion of the easements.

3. EMINENT DOMAIN—INJURY TO EASEMENTS—ELEVATED RAILROADS—PERSONS ENTITLED TO COMPENSATION—VENDOR OR PURCHASER.
　　A deed of land abutting on a street contained a clause, "saving, reserving, * * * the easements in the street which may have been heretofore taken and are now being used by" an elevated railroad, and stipulated that the reservation was not intended to operate as a conveyance of the easements to the elevated railroad, but to enable the grantor to carry out the provisions of any judgment that he might thereafter procure against the companies, etc. Held, that the grantor was entitled to receive the benefit of whatever might be received as compensation for an invasion of the easements, or damages sustained to the fee value of the premises up to the time of the conveyance, in consequence of the construction and operation of the elevated railroad.

4. EASEMENTS—SEVERANCE OF RIGHT—RESERVATION OF EASEMENT—EFFECT.
　　A grantee in a deed containing a reservation in favor of the grantor of the easements of light, air, and access settled with one trespassing on the easements. Held, that in equity the grantor was entitled to the proceeds.

　　McLaughlin and Clarke, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Bernhard Freund against Louis Biel and another. From a judgment dismissing the complaint after trial, plaintiff appeals. Reversed, and new trial ordered.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN, and CLARKE, JJ.

A. J. Skinner, for appellant.
Samuel Heyman, for respondents.

PATTERSON, J. The practical question arising on this appeal relates to an asserted right of the plaintiff to recover from the defendants a sum. of money received by them as·consideration for a conveyance.of easements appurtenant to the premises known as No. 1926 Third avenue, in the city of New York, and a release from all claims, damages, and causes of action which existed in the defendants' favor, including all claims, damages, and causes of action for depreciation in the value of the premises, loss of rents or rental value claimed, and the annoyance or injury to the owner or occupant, and interference with the use of the premises or the easements appurtenant to the same produced by the construction, maintenance, or operation of an elevated railway in front of the said premises. The facts of the case are undisputed. Prior to October, 1895, the plaintiff was the owner in fee of the premises above mentioned. On that day he conveyed the same to the defendant Louis Biel, who afterwards, in 1899, conveyed them to his wife, the defendant Rose Biel, who subsequently, and on May 5, 1902, reconveyed them to her husband. In the deed from the plaintiff to Louis Biel is contained the following clause:

"Saving, reserving, and excepting, however, the easements in the street which may have been heretofore taken and are now being used by the New York Elevated Railroad Company and the Manhattan Railway Company in the construction, maintenance, and operation of their elevated railroad in Third avenue as now constructed, maintained, and operated. This reservation is not intended to operate as a conveyance of the said easements to said companies, but to enable the party of the first part to carry out the provisions of any judgment that he may hereafter procure against said companies, whereby he may be directed, in the event of a tender to him or his attorneys of a certain sum of money, to make a conveyance of a right to use the street in front of said premises for the maintenance of the present structure and the operation of the railroad as now operated by the defendants, and to deliver a release from the plaintiff in said action of all future damage to be incurred by him from the maintenance of the structure and operation of the present railroad in front of said premises as at present operated and maintained."

In October, 1902, the defendants made an arrangement with the railway companies by which they received compensation for a conveyance of easements appurtenant to the premises in question, and for damages to the rental value thereof. The easements and property rights appurtenant to the premises which passed by the conveyance to the Manhattan Railway Company and the New York Elevated Railroad Company are substantially the same easements and property rights appurtenant to the said premises which are referred to in the reservation contained in the deed from the plaintiff to the defendant Louis Biel. That was specifically found by the court on the trial of this action. The plaintiff claimed at the trial, as he does now, that he is entitled to the money received by the defendants from the railway companies as a consideration for the conveyance and release. The learned justice at Special Term held that the reservation contained in the deed of the plaintiff to the defendant Louis Biel was inoperative for any purpose, and that it was merely an attempt to reserve from a grant of land the easements that pertained thereto. Thereupon the complaint was dismissed on the merits, and from the judgment entered upon that decision the plaintiff appeals.

It is beyond dispute that the plaintiff could not by a reservation in the deed retain to himself property in the easements. They passed to the grantee with the land. They are inseparable from the land, and the reservation is also ineffectual to create a trust in the easements; but, as between the grantor and grantee, that reservation "does create a resulting trust, by virtue of which the grantee becomes a trustee for his grantor as to all moneys received or judgments recovered for the invasion of such easements." McKenna v. Brooklyn Union Elevated R. R., 184 N. Y. 396, 77 N. E. 615. As between the plaintiff and the defendants, the reservation in the conveyance operates to retain in favor of the plaintiff certain rights which the defendants would not and ought not to disregard. Pegram v. Elevated R. R., 147 N. Y. 147, 41 N. E. 424. There exists in the plaintiff by virtue of the reservation an equitable right to whatever recompense is to be made for the taking of the easements and for injuries done to the premises, and the court may assume that by the reservation the grantor and grantee agreed that part consideration of the conveyance of the land should consist of the damages to be recovered from the trespassers. We think it is clear from the terms of the reservation under consideration in the present case that the grantor should receive the benefit of whatever might be recovered or received as compensation for an invasion of the easements, or damages sustained to the fee value of the premises or the rental value thereof up to the time of the conveyance; and that when the defendants received from the railway companies the money paid for the conveyance and release, such defendants held that money as trustees of a resulting trust for the plaintiff. It is unnecessary to consider particularly how that trust arises, as that subject is fully discussed and explained in the opinion of Landon J., in Western Union Tel. Co. v. Shepard, 169 N. Y. 170, 62 N. E. 154, 58 L. R. A. 115. It is said, however, that the reservation in this case differs materially from those contained in the deeds under consideration in McKenna v. Brooklyn Union Elevated R. R. and Western Union Tel. Co. v. Shepard, supra. There is a difference in the phraseology of the several clauses of reservation, but they do not affect the underlying principle of the McKenna Case nor its application. If we understand correctly the ruling in that case, it is that, notwithstanding the inefficacy of the reservation to continue in a grantor any right of property in the easements or any right of action against the trespassers, yet, as between the grantor and grantee, where it is obvious that the equitable right of the grantor to receive the benefit of whatever was to be recovered or secured from the trespassers for the invasion of rights affecting the property previous to the transfer is preserved, the grantee who alone can enforce a claim against trespassers, if he receives compensation for the wrongful acts, holds that which he has received as trustee for the grantor under the reservation. In this view of the case we conceive it to be entirely immaterial whether the grantee sues the trespasser, or settles the claim without litigation. In equity he is not entitled to retain the money, and, as Judge Landon observed in Western Union Tel. Co. v. Shepard, the defendants ex æquo et bono have no right to withhold the proceeds from the plaintiff. Receiving the proceeds, they take it as trustees for the plaintiff. The question is one of equities between the parties to this suit, and those equities underlie the

form of the reservation; the intent of the grantor in making the reservation and of the grantee in receiving the deed with the reservation being apparent.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

O'BRIEN, P. J., and LAUGHLIN, J., concur.

McLAUGHLIN, J. (dissenting). I am unable to concur in the prevailing opinion. The easements appurtenant to the property conveyed were inseparable from it. The conveyance necessarily carried with it the easements, notwithstanding the attempted reservation. As to the damages for the impairment of the easements which had accrued at the time the conveyance was made, these could be reserved as between the grantor and grantee, and, if the latter thereafter had a recovery for the same, he would hold the same in trust for the former, and this upon the theory that the same was a part of the consideration. But as to the damages which accrued after the conveyance, they could not be reserved any more than could the easements, because this, in effect, would destroy the conveyance itself.

I do not understand that any different doctrine was laid down in the cases cited in the prevailing opinion. Here the plaintiff seeks to recover what the railway companies paid to the defendants for the right to operate their railroads in front of his premises, and for damages which had accrued to him by reason of the impairment of his easements of light, air, and access subsequent to his acquiring title. In the amount thus paid the plaintiff had no interest, not only because he could not, by reason of his conveyance, reserve such right, but also because of the wording of the reservation itself.

I therefore vote to affirm the judgment.

CLARKE, J., concurs.