## WEHRENBERG v. SEIFERD et al.

(Supreme Court, Special Term, New York County.  November 21, 1907.)

1. TRUSTS—RESULTING TRUST—INEFFECTIVE RESERVATION—EFFECT.

Plaintiff, owning certain property fronting on a street on which was a stone railroad viaduct, conveyed his premises to defendant; the deed reserving to plaintiff and excepting from the conveyance all rights, damages, and claims against the railroad company for the use of the viaduct in the street opposite the premises conveyed. *Held*, that while such reservation was ineffectual to create a trust in the easements attached to the land, and could not, therefore, deprive defendant of the right to recover for the invasion and destruction of such easements, it did create a trust of the proceeds recovered therefor, which defendant held for plaintiff's use.

2. SAME—ACCOUNTING—CREDITS.

Where the grantee in a deed reserving to the grantor the right to damages for the invasion of easements by the operation of a railroad in a street recovered a judgment for such damages against the railroad company, and held the same as trustee for the grantor, the grantee was entitled to credit for attorney's fees and necessary disbursements on the trial, and on appeal from the judgment recovered against the railroad company, but was not entitled to compensation for services as trustee, nor to interest on compensation paid to counsel.

Action by Dietrich W. Wehrenberg against Louis Seiferd and another.  Judgment for plaintiff.

Johnston & Johnston, for plaintiff.
Garvin & Young, for defendants.

NEWBURGER, J.  Plaintiff, between the 4th day of January, 1889, and the 29th day of April, 1896, was the owner and in possession of the premises situate on the northeast corner of 108th street and Park or Fourth avenue, being 27 feet wide, front and rear, by 74 feet deep on each side.  The New York & Harlem Railroad Company and the New York Central & Hudson River Railroad Company operated a railroad along said Park or Fourth avenue on a stone viaduct in the center of the street.  On the 30th day of April, 1896, plaintiff, by deed, conveyed said premises for good and valuable consideration to the defendants.  The deed to the defendants, among other things, contained the following reservation:

"The party of the first part hereto nevertheless expressly reserves to himself, and excepts from this conveyance, any and all rights, damages, and claims against the New York Central & Hudson River Railroad Company and any other person or corporation whatsoever for the erection, construction, and maintenance or use of any structure or raised way or railroad track on Park avenue opposite the premises hereby conveyed."

It appears that the parties to this conveyance, plaintiff and the defendants, were informed that the railroad companies were liable for damages to the owners of said property or property rights encroached or infringed upon, and the defendants knew that no compensation had been paid to the plaintiff.  After the delivery of the deed by the plaintiff to the defendants, the defendants commenced an action in this court against the New York & Harlem Railroad Company and the New York Central & Hudson River Railroad Company, as defendants, to

enjoin said railroad companies from maintaining and operating the elevated structure or railway in front of the premises hereinbefore described, and to recover damages for the use of the premises by reason of the trespasses by the elevated structure or railway. Proceedings were had in the action so instituted by the defendants against the railroad companies, which resulted in a judgment on the 16th day of September, 1902, in favor of the defendants against such railroad companies. An appeal was taken by said railroad companies to the Appellate Division of this Department, and such proceedings were thereupon had resulting in an affirmance of the judgment so appealed from. Thereafter said railroad companies paid to the defendants herein, on said judgment, the sum of $4,000 and interest thereon, making a total of $5,214 for the fee damage, and the sum of $1,294.50 for rental damages, with interest. This action is now brought to have it adjudged that the defendants took the title to the premises hereinbefore referred to in trust for the benefit of the plaintiff to the extent expressed in the reservation in the deed, and that defendants account to the plaintiff for the amounts received by them from the railroad companies, pursuant to the judgments recovered against such companies.

In Western Union Telegraph Company v. Shepard, 169 N. Y. 170, 62 N. E. 154, 58 L. R. A. 115, Judge Landon says:

"It was competent for the grantor and grantee to agree that a part of the consideration of the land conveyed should consist of the money damages thereafter to be recovered from the trespassers. It was manifest that as between the parties to the deed the claim to the damages was to remain and did remain with the plaintiff, although as between the grantee and the railroad company the right to the cause of action to recover them passed to the grantee. Thus the grantee had the right to sue for and recover the damages, not, however, for himself, but for his grantor."

In Freund v. Biel, 114 App. Div. 402, 99 N. Y. Supp. 1069, it was held:

"That the plaintiff could not by a reservation in the deed retain to himself property in the easements. They passed to the grantee with the land. They are inseparable from the land, and the reservation is also ineffectual to create a trust in the easements, but as between the grantor and grantee that reservation does create a resulting trust, by virtue of which the grantee becomes a trustee for his grantor as to all moneys received or judgments recovered for the invasion or destruction of such easements." McKenna v. Brooklyn Union Elevated R. R., 184 N. Y. 396, 77 N. E. 615.

It now appears to be a settled rule of law that, where a grantor reserves to himself whatever damages may have arisen by the act of a trespasser, when an action is brought by the grantee he simply acts as trustee for his grantor, and it is clear from the terms of the reservation in the present case the grantor should receive whatever might be recovered as damages to the fee value of the premises or to the rental value thereof, and when the defendants received the money from the railroad companies they received it as trustee of the plaintiff. I am of the opinion, however, that whatever moneys the defendants paid out or expended for attorneys in the action against the railroad companies should be allowed them, but they should not be allowed any interest on the compensation paid to counsel. They should also be allowed

the necessary disbursements upon the trial of the action against the railroad companies, and upon the appeal from the judgment recovered in that action. The defendants are not entitled to fees as trustees.

The plaintiff is entitled to a decree in accordance with the views herein expressed.