WEHRENBERG v. SEIFERD et al.

(Supreme Court, Appellate Division, First Department. April 10, 1908.)

1. DEEDS—RESERVATION—CONSTRUCTION—RAILROADS—INJURIES TO PROPERTY.

A conveyance of property abutting on an elevated railroad made pending the construction of the road reserved all rights, damages, and claims against the railroad for the erection, construction, and maintenance or use of any structure or raised way or railroad track. The grantees, on acquiring title, recovered judgment against the railroad for $4,000 fee damage and $1,000 rental damage, which was paid the grantee. Held, that the grantor had a right under his reservation to the $4,000 fee damage, but not to the $1,000 rental damage, since the reservation, being evidently made for the reduction in the purchase price of the land caused by the construction of the road, was not broad enough to include rental damages occurring after the grantor had parted with the title.

2. MONEY RECEIVED—ATTORNEY'S FEES—RECOVERY.

Where a grantor having reserved the right to recover the damages to the property by the erection of an elevated railroad has a right to recover from the grantee a portion of the money obtained by the grantee from the railroad, the grantee was entitled to credit for sums paid attorneys in prosecuting the action, and for the employment of counsel in the United States Supreme Court, with interest; the money being paid in good faith, and the amount being reasonable.

3. DEEDS—RESERVATIONS.

A grantee of property under a deed reserving to the grantor the right to all damages sustained to the property by the erection of an elevated railroad is under no liability to the grantor, by reason of the fact that the grantee in suing the railroad for damages sustained failed to recover the rental value of the property before the title passed to the grantee.

4. EVIDENCE—PAROL—DEEDS—RESERVATION—AMBIGUITY.

A deed reserving to the grantor any and all rights, damages, and claims against a railroad for the erection, construction, and maintenance or use of a structure or raised way or railroad track sustained by the property deed, is not ambiguous, and hence not subject to parol explanation as to the intention of the parties in making the reservation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 2129–2133.]

Laughlin and Ingraham, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Dietrich W. Wehrenberg against Louis Seiferd and another to recover money received by defendants from a railroad company to which the plaintiff was entitled. From a judgment (56 Misc. Rep. 356, 106 N. Y. Supp. 901) for plaintiff, defendants appeal. Modified and affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Edwin L. Garvin, for appellants.
Edward W. S. Johnston, for respondent.

HOUGHTON, J. The plaintiff was the owner of premises abutting on Park avenue, in the city of New York, at the time the New York Central and the Harlem Railways began the elevation and enlargement of their viaduct in that avenue. A temporary structure had been erected and put in use, and the plans for the permanent structure were

known and the work was in progress on April 30, 1896, when the plaintiff conveyed the premises to the defendants with a reservation reading as follows:

"The party of the first part hereto nevertheless expressly reserves to himself and accepts from this conveyance, any and all rights, damages, and claims against the New York Central and Hudson River Railroad Company and any other person or corporation whatsoever for the erection, construction and maintenance or use of any structure or raised way or railroad track on Park avenue opposite the premises hereby conveyed."

After the defendants had acquired title, and on the 24th day of August, 1897, they brought action against the railway companies and recovered $4,000 fee damage and $1,000 rental damage, which amounts, after various appeals, were paid to them and their attorneys, with interest. Thereupon this plaintiff brought this action to impound the moneys so recovered by defendants on the theory that the recovery inured to his benefit under the reservation in his deed, and the court has awarded to him, not only the fee damage recovered, but the rental damage as well, less certain payments made by them to their attorneys. We are of opinion that the reservation is not broad enough in its terms to include rental damage accruing after plaintiff had parted with title. When plaintiff made his conveyance with its reservation, the temporary structure was in place and was being used. The permanent structure was under way, and it was known what it would be when completed and how it would be used, and that its maintenance and use would impair easements appurtenant to the property. Its selling price must necessarily have been affected unfavorably. The seller presumptively realized that he must take less for his property because of the permanent damage to it, and the buyers must have realized when their grantor made his reservation that he was endeavoring to recoup his loss in price by retaining to himself the damages which the property had suffered. The permanent damage to the saleable value of the property had been done when the plaintiff sold it. After he had parted with title, it was of no concern to him whether his grantees received a large or small rental for the property. In the absence of clear and express language, therefore, it is not to be presumed that the reservation covered rental damages accruing after defendants became owners of the property.

In Western Union Telegraph Company v. Shepard, 169 N. Y. 170, 62 N. E. 154, 58 L. R. A. 115, the reservation was of all claim or right of action for any and all injury or damage "present or future." And in Freund v. Biel, 114 App. Div. 400, 99 N. Y. Supp. 1067, the grantor attempted to reserve to himself the easements impaired by the railway company, and to retain the right to release the company from all damage past and future by reason of their impairment. The grantee, disregarding this reservation, himself released for a lump sum, which this court determined he held for the benefit of his grantor, irrespective of the impossibility of reserving the easement out of the fee, interpreting the reservation as a general one of all damage past and future. The reservation considered in Pegram v. Elevated R. R. Co., 147 N. Y. 135, 41 N. E. 424, was "of all damages and claims for damages now or hereafter caused said property or the present and future

owners thereof," and that in McKenna v. Brooklyn Elevated R. R. Co., 184 N. Y. 391, 77 N. E. 615, the effect of which was not passed upon, was much broader than the reservation now under consideration, and more nearly like the one in the Freund Case above referred to.

It is true that in the present case "any and all rights, damages and claims" for the erection and maintenance of the structure are reserved; but, in view of the fact that the only damage which plaintiff had suffered was that which had accrued to his property at the time he made his conveyance, we think the reservation cannot be said to include rental damage sustained after he had parted with his title. If the defendants had recovered any rental damage accruing before they received their deed, quite another question would be presented, and very likely plaintiff would be entitled to the amount which they had received. They did not recover any rental damage, however, prior to the time they took title, and only such as was found to have been suffered after they became owners of the property. In that recovery the plaintiff had no interest, and the judgment must be modified in that respect.

We think, also, the defendants were entitled to credit for all they paid their attorneys in prosecuting the action, and such sums as they contributed towards employing counsel in the United States Supreme Court. Such payments and disbursements appear to have been made in good faith. The contract to allow the attorneys one-third of the recovery and disbursements was not an unreasonable one; nor was it improper to add interest to the amount awarded before division. The interest followed the judgment, and together they formed at the end of the litigation the total recovery had. The amount finally paid was properly treated as the recovery in the action, and one-third of that amounts practically to the same sum the attorneys charged computed by taking one-third of the $5,000, and adding interest to it. In the action which the plaintiff himself instituted he agreed to pay the same attorneys one-half of the recovery, and he cannot complain of the lesser amount which the defendants in good faith paid to secure the judgment which inured to his benefit. Nor can the plaintiff find fault that the defendants recovered no rental damage accruing to the premises before they received their conveyance and while he himself held title. He reserved those damages to himself as well as the fee damage, and, even if the defendants had any right at all to recover them, they were under no obligation to do so.

We have examined the points urged by the defendants, and we find no errors calling for a reversal of the judgment. The reservation clause was not ambiguous, and it was not open to the parol explanation sought to be given. There was no allegation that it was inserted in the deed by fraud or mistake, or mistake on one side and fraud on the other. It was complete in itself, and oral testimony to change its terms or show the intention of the parties other than as expressed in the instrument was improper and was properly excluded by the court.

The judgment should be modified by deducting therefrom such part of the rental damage as was allowed, and, also, such disbursements to attorneys and in the United States Court proceeding as pertained to

the recovery of fee damages and, were disallowed, and, as so modified, should be affirmed, without costs to either party.

PATTERSON, C. J., and SCOTT, J., concur.

LAUGHLIN, J.  I dissent from so much of the decision of this court as eliminates from the recovery by the plaintiff the award for damages to the rental value of the property between the date of the conveyance and the date of the decree.  If, prior to the conveyance, rental damages had been sustained, against which the statute of limitations had not run, a cause of action therefor at law was vested in the grantor which remained in him for the trespass upon his easements down to the date of the conveyance.  Pegram v. Elev. R. R. Co., 147 N. Y. 135, 41 N. E. 1424. This cause of action, if any, was not assigned to the grantee.  As I view the reservation of damages contained in the deed, the grantor, in effect, conveyed the premises for the consideration specified precisely the same, so far as the rights of the grantee were concerned, as if immediately prior to executing the deed he had released to the railroad company all claims for damages to the easements.  It was evidently the intention of the parties that all right to damages should be reserved by the grantor precisely the same as if those damages should ultimately be fixed as of the date of the conveyance.  The fee and rental damages recovered together in effect constitute the damages to the fee on the date of the conveyance.  Owing to the fact that it was necessary to bring the action, and that time elapsed between the date of the conveyance and the date of the decree, the damages were not all awarded in form as fee damages, but as rental and fee damages, the former being for the trespass to the date of the decree and the latter being the damages for all future time after the date of the decree, which are ascertained by determining the value of the land with and without the injury to the easements.

The Court of Appeals, in the opinion of Pegram v. Elev. R. R. Co., supra, expressly say in refusing to award rental and fee damages to the grantor for the period subsequent to the date of the conveyance, on account of the fact that the right of action therefor had passed to the grantee who was not a party to the suit, that, if the reservation was to be operative at all, the grantee became, as the holder of the legal title, "a trustee for the plaintiff with respect to any damages which might be recovered by the defendant for the injury caused to the rental and fee value of the property, through an action brought in his name, or wherein he was joined as a party."  In Western Union Telegraph Company v. Shepard, 169 N. Y. 170, 62 N. E. 154, 58 L. R. A. 115, where it was assumed that the grantor assigned to the grantee the right to bring the action for past damages in reserving both past and future damages, it was held that the grantee became a trustee for the grantor as to all such damages, both past rental damages, future rental damages, and fee damages.  This court in Freund v. Biel, 114 App. Div. 400, 99 N. Y. Supp. 1067, in reversing the trial court in holding that the grantor was not entitled to recover the amount received by the grantee in settlement for both rental and fee damages, held, in effect, that as to all of the damages the grantee be-

came a trustee for the grantor. There was the same authority for awarding to the plaintiff the damages to the rental value or for the trespass between the date of the conveyance and the date of the decree, as for the damages awarded in form as fee damages. If, as is about to be held by this court, the grantor cannot reserve the damages that may be recovered for the trespass which are awarded as for loss of rental value, then the grantee by bringing actions at law for trespass from time to time, and not praying for an injunction and for a permanent award for damages to the fee in lieu thereof, may wholly defeat the rights of the grantor.

INGRAHAM, J., concurs.