TRUSTEES OF MISSION CHURCH IN CITY OF NEW YORK v. RIDLEY et al. (No. 6992.)

(Supreme Court, Appellate Division, First Department. April 16, 1915.)

1. DEEDS ⊚══143—CONSTRUCTION—MEANING OF LANGUAGE—SITUATION AND CONDUCT OF PARTIES.

The court, in construing a reservation in a deed, will consider not only the language thereof itself, but the situation of the·parties at the time of the making of the deed and their subsequent conduct.

[Ed. Note.—For other cases, see Deed.⊣, Cent. Dig. §§ 453–455, 465–468; Dec. Dig. ⊚══143.]

2. DEEDS ⊚══143—CONSTRUCTION—RESERVATION—"ALL CLAIMS FOR DAMAGES."

A grantor having a present right of action against an elevated railway company for damages for a continuing trespass reserved in the deed "all claims for damages." For some 20 years neither the grantor nor any of his successors in interest evinced enough interest in the subject to make any inquiry whether or not any action had been commenced. *Held*, that the reservation was limited to a claim for damages to which the grantor was entitled at the time of the execution of the deed, and did not cover a sum which might thereafter be paid by the company as compensation for the easement impaired or appropriated.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 453–455, 465–468; Dec. Dig. ⊚══143.]

---

⊚══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. LIMITATION OF ACTIONS ⊜═28—IMPLIED OBLIGATION TO PAY MONEY.

Where a grantee in a deed which reserved to the grantor all claims for damages against an elevated railway company did not covenant to pay over to the grantor any money that might be received as compensation from the company for easements impaired or appropriated by it, so that at most there was only an implied obligation arising out of the reservation, the grantor's claim, if any, was for money had and received.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 134, 135, 142; Dec. Dig. ⊜═28.]

McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by the Trustees of the Mission Church in the City of New York against Edward A. Ridley and another. From an interlocutory judgment, entered on a decision after trial at Special Term for plaintiff, defendants appeal. Reversed, and complaint dismissed, with costs.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

John Ewen, of New York City, for appellants.
I. E. Bermant, of New York City, for respondent.

SCOTT, J. The essential facts are stated by my Brother McLAUGHLIN and it is unnecessary to recapitulate them. They are undisputed and the only question we have to consider is as to the legal effect flowing from them.

[1] The first of these is as to the reservation contained in the deed from plaintiff to Erdmann. In considering that we are at liberty to consider, not only the language of the reservation itself, but the situation of the parties at the time it was made, and their subsequent actions.

[2] Plaintiff's situation when it made the deed was that it had a present right of action against the elevated railway company for damages for the continuing trespass up to the day of the date of the deed. This was the only claim it had for damages within the legal acceptation of that term. It had also a cause of action in equity for an injunction, which might have resulted in a money payment, not for damages, but as compensation for the easements which had been impaired or appropriated by the railway company. What it reserved was "all claims for damages," and there was no suggestion of an intention to reserve anything else. The deed was a formal document, couched in legal phraseology, and I see no reason why the terms used in it should be construed in but their legal sense. The reservation will, I think, be fully satisfied if construed to apply only to that which it expresses in terms, to wit, the claim for damages to which the grantor was thus entitled. To extend the words to cover a sum which might thereafter be paid by the railroad company as compensation for the easements impaired or appropriated would, as it seems to me, be to give to the reservation a strained construction.

In all the cases relied upon by the respondent there has been something more than appears in this case. In some there has been an at-

tempt to reserve to the grantor the easements themselves; in others there has been an express covenant by the grantee to hold any moneys received for the release of the easements for the benefit of the grantor; and in yet others there has been a reservation of causes of action obviously intended to cover more than the accrued claim for past rental damages. The case, as I think, falls within the principle applied in Anderson v. N. Y. Cen. & H. R. R. Co., 132 App. Div. 183, 116 N. Y. Supp. 954; Id., 136 App. Div. 939, 121 N. Y. Supp. 1124, affirmed 203 N. Y. 577, 96 N. E. 1109. That the parties understood the reservation to be subject to the more restricted construction is strongly indicated by the fact that for a period of some 20 years neither the plaintiff, nor any one of its successors in interest, evinced enough interest in the subject to make an inquiry whether or not such an action had been commenced. All these circumstances seem to me to require us to construe the reservation as I have indicated.

[3] Further than this, I am of the opinion that, if plaintiff ever had any claim, it is barred by the statute of limitations. The action is not strictly upon a sealed instrument, for there is no covenant by the grantee or the defendants to pay over to plaintiff any money that might be received as compensation for the easements. At most there would have been an implied obligation growing out of the reservation and other circumstances, and plaintiff's claim, if any, would have been for moneys had and received to its use.

What has already been said calls for a reversal of the judgment, and I therefore do not discuss the remaining question; whether or not plaintiff, if it ever had any claim under the easement, had not parted with it.

The judgment appealed from must be reversed, and the complaint dismissed, with costs to appellant in this court, and the court below. Settle order on notice.

INGRAHAM, P. J., and LAUGHLIN and CLARKE, JJ., concur.

McLAUGHLIN, J. (dissenting). Prior to May 13, 1887, the plaintiff, a domestic religious corporation, owned premises known as 59–63 Allen street, in the city of New York. At that time and continuously thereafter the Metropolitan Elevated Railway Company and the Manhattan Railway Company, or one of them, operated an elevated railway in front thereof. On March 24, 1887, plaintiff contracted to sell the property in question to one Erdmann. The contract, among other things, provided:

"That all claims for damages against the railroad companies owning or operating the elevated railroad in Allen street in front of said premises are to be reserved to the party of the first part [the plaintiff] in the deed."

In pursuance of the contract the property was conveyed to Erdmann by a deed executed May 13, 1887. The deed contained the following reservation:

"Reserving, however, to the party of the first part [the plaintiff] all claims for damages against the railroad companies owning or operating the elevated railroad in Allen street in front of the premises hereby conveyed."

Throughout the transaction Erdmann acted for and on behalf of the defendants, who furnished the consideration for the purchase, and had actual knowledge of the terms of the contract and deed. On the day Erdmann received the deed, he conveyed to the defendants, and the deed was recorded the following day.

In February, 1890, plaintiff commenced an action against the Manhattan Railway Company and the Metropolitan Elevated Railway Company to recover rental damages to the property which had accrued prior to the time of the conveyance to Erdmann. This action was settled on August 4, 1893, for $1,468. In July, 1892, the defendants brought an action against the railway companies for damages to the easements in said premises from the time they became the owners thereof, and to enjoin the maintenance of the railroad in front of the same. This action was settled on July 14, 1899, for $6,000, in consideration of which defendants released the railway companies from all claims for damages, and conveyed to them all their right, title, and interest to the easements in Allen street in front of their premises. The plaintiff had no knowledge of the settlement between the defendants and the railway companies until the early part of the year 1910.

In July, 1911, this action was brought to impress a trust upon the moneys received by defendants; plaintiff asserting its right to said moneys by reason of the reservation in its deed of the premises to Erdmann. The learned justice at Special Term held that the defendants were trustees for the plaintiff of so much of the moneys collected as represented damages to the fee value of the property, and appointed a referee to take proof as to those damages and apportion the fund. From this judgment defendants appeal.

I think this judgment is right. The language in the contract, as well as the reservation in the deed, indicates, as it seems to me, that the plaintiff intended to reserve to itself all claims for damages, both as to depreciation of rental and to the impairment of the easements of light, air, and access to the date of the deed, and that such intention was so understood by the defendants acting through Erdmann. The language is, reserving to the plaintiff "all claims for damages." The consideration paid was fixed at the price stated, because both parties understood that the value of the premises had been depreciated by reason of the operation of the railway in front of them and that the damages occasioned thereby were reserved to the grantor. The language used is of no particular importance, so long as the court can discover from the instrument itself what the parties intended by the reservation. It is undoubtedly true that easements in public streets of light, air, and access cannot be severed from the property to which they are appurtenant, and that the plaintiff could not, on parting with the land, reserve to itself those easements. It could, however, reserve the damages that his grantee might collect for the invasion of those easements, and as to such damages the grantee became a trustee for the grantor. Schomacker v. Michaels, 189 N. Y. 61, 81 N. E. 555. The reservation was, as urged by the appellants, ineffectual to create a trust in the easements, but it did create a resulting trust, by virtue of which the grantee became a trustee for his grantor as to all mon-

eys received for the invasion or impairment of the easements. Mc-Kenna v. Brooklyn Union El. R. R. Co., 184 N. Y. 391, 77 N. E. 615. See, also, Freund v. Biel, 114 App. Div. 400, 99 N. Y. Supp. 1067, affirmed 193 N. Y. 662, 87 N. E. 1119; Drucker v. Manhattan Ry. Co., 213 N. Y. 543, 108 N. E. 74, decided by the Court of Appeals, January 12, 1915.

In Wehrenberg v. Seiferd, 125 App. Div. 527, 109 N. Y. Supp. 896, this court held that the reservation of "any and all rights of actions, damages, and claims" against the railway company reserved in the grantor the right to fee damages recovered by the grantee, but not to the rental damages accruing subsequent to the conveyance. It is urged by the appellants that in reserving "rights of actions," instead of merely "all claims for damages," this case is distinguishable from the one at bar. While it is true, as suggested in this connection, that damages to the fee are recoverable only as alternative relief in an action for an injunction (Pappenheim v. Metropolitan El. Ry. Co., 128 N. Y. 436, 28 N. E. 518, 13 L. R. A. 401, 26 Am. St. Rep. 486), the reservation of "all claims for damages" is sufficient to enable the grantor to recover whatever sum is subsequently paid for the impairment of the easements of light, air, and access appurtenant to the property. An express reservation of an easement, or, as in the Wehrenberg Case, of a right of action, is ineffectual, because the easement cannot be reserved, nor can a right to enforce an action for its impairment. The easement cannot exist apart from the land itself, and an action can only be maintained for the impairment of the easement by the owner of the land. Pegram v. Elevated R. R. Co., 147 N. Y. 135, 41 N. E. 424; Shepard v. Manhattan Ry. Co., 169 N. Y. 160, 62 N. E. 151; McKenna v. Brooklyn Union R. R. Co., supra. Where such attempted reservation is made, the only right which is reserved is the one to recover from the grantee moneys subsequently received from the trespasser; and if any effect is to be given to the reservation, it must be held, as it seems to me, to apply to such damages, for the grantor could have recovered rental damages for the period of his ownership of the premises, independent of any reservation in the deed. Griswold v. Metropolitan El. Ry. Co., 122 N. Y. 102, 25 N. E. 331; Pappenheim v. Metropolitan El. Ry. Co., supra; Pegram v. Elevated R. R. Co., supra; Hutton v. Metropolitan El. Ry. Co., 19 App. Div. 243, 46 N. Y. Supp. 169; Flammer v. Manhattan Ry. Co., 56 App. Div. 183, 67 N. Y. Supp. 617.

It is further urged by the appellants that any action the plaintiff might have had is barred by the ten-year statute of limitations. As has been indicated, the reservation in the deed of the plaintiff was ineffectual in reserving to itself any right of action against the railway companies. It did, however, impose a duty upon the grantee, and subsequent grantees taking the property with notice of the reservation, to pay to the plaintiff whatever sums might be recovered by reason of the impairment of the easements of light, air, and access. Whatever sum was paid to the defendants for this purpose they received and held as trustees for the plaintiff, and while it is true that the sum paid was received by the defendants in 1899—more than ten years prior to the commencement of the action—nevertheless, the plaintiff had no

knowledge of that fact until 1910, and the statute did not begin to run until that time. Section 410 Code of Civil Procedure; Matter of Camp, 126 N. Y. 377, 27 N. E. 799; Matter of Asheim, 111 App. Div. 176, 97 N. Y. Supp. 607, affirmed 185 N. Y. 609, 78 N. E. 1099; Matter of Meyer, 98 App. Div. 7, 90 N. Y. Supp. 185, affirmed 181 N. Y. 553, 74 N. E. 1120. The statute of limitations is not, therefore, a bar to the maintenance of the action.

The appellant also questions the right of the plaintiff to bring the action. It appears in this connection that some 15 years ago the plaintiff transferred its realty, funds, and membership to another religious corporation. There is no evidence, however, that the claim in suit was ever assigned, and the trustees of the plaintiff deny that any such assignment was made. At the trial plaintiff stipulated that it would tender releases executed by the other possible claimants as a condition of being awarded a judgment, and the interlocutory judgment so provides. While the defendants, on the evidence, are not entitled to this additional protection, neither party is in a position to assail the judgment upon that ground. The plaintiff never having been dissolved, and having title to the claim, the action was properly brought to enforce it.

It follows that the judgment appealed from should be affirmed, with costs.