Motion granted and witness directed to answer. Order to be settled on notice.

---

TRUSTEES OF THE MISSION CHURCH IN THE CITY OF NEW YORK, Respondent, *v.* EDWARD A. RIDLEY and ARTHUR J. RIDLEY, Appellants.

First Department, April 16, 1915.

**Real property — deed reserving right to damages for trespass construed — when rights accruing under suit in equity not reserved — Statute of Limitations.**

Where a conveyance of lands was made at a time when the grantor had a present right of action against an elevated railroad company for damages for trespass and also another cause in equity for an injunction which may result in a payment of money as compensation for easements which have been appropriated by the railroad company, but the deed only reserves to the grantor "all claims for damages against the railroad companies * * * operating * * * in front of said premises," the reservation covers only the damages recoverable in the legal action for trespass, and the grantee is entitled to a sum subsequently paid by the railroad in settlement of a suit brought by it after it became owner to enjoin the maintenance of the railroad in front of the premises. Such moneys are not within the reservation contained in the deed.

Where the payment was made by the railroad company to the defendant more than ten years prior to the commencement of the grantor's action under the reservation, said action is barred by the Statute of Limitations, for at the most the grantor's action was for moneys had and received to his use.

McLAUGHLIN, J., dissented, with opinion.

APPEAL by the defendants, Edward A. Ridley and another, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 12th day of June, 1913, upon the decision of the court after a trial at the New York Special Term.

The judgment appealed from directed defendants to account to the plaintiff.

*John Ewen,* for the appellants.

*I. E. Bermant,* for the respondent.

SCOTT, J.:

The essential facts are stated by my brother McLAUGHLIN, and it is unnecessary to recapitulate them. They are undisputed, and the only question we have to consider is as to the legal effect flowing from them. The first of these is as to the reservation contained in the deed from plaintiff to Erdmann. In considering that we are at liberty to consider not only the language of the reservation itself, but the situation of the parties at the time it was made, and their subsequent actions.

Plaintiff's situation when it made the deed was that it had a present right of action against the elevated railway company for damages for the continuing trespass up to the day of the date of the deed. This was the only claim it had for damages within the legal acceptation of that term. It had also a cause of action in equity for an injunction which might have resulted in a money payment, not for damages, but as compensation for the easements which had been impaired or appropriated by the railway company. What it reserved was " all claims for damages," and there was no suggestion of an intention to reserve anything else. The deed was a formal document, couched in legal phraseology, and I see no reason why the terms used in it should be construed in but their legal sense. The reservation will, I think, be fully satisfied if construed to apply only to that which it expresses in terms, to wit, the claim for damages to which the grantor was thus entitled. To extend the words to cover a sum which might

thereafter be paid by the railroad company as compensation for the easements impaired or appropriated would, as it seems to me, be to give to the reservation a strained construction. In all the cases relied upon by the respondent there has been something more than appears in this case. In some there has been an attempt to reserve to the grantor the easements themselves; in others there has been an express covenant by the grantee to hold any moneys received for the release of the easements for the benefit of the grantor, and in yet others there has been a reservation of causes of action obviously intended to cover more that the accrued claim for past rental damages. The case, as I think, falls within the principle applied in *Anderson* v. *N. Y. & H. R. R. Co.* (132 App. Div. 183; 136 id. 939; affd., 203 N. Y. 577). That the parties understood the reservation to be subject to the more restricted construction is strongly indicated by the fact that for a period of some twenty years neither the plaintiff nor any one of its successors in interest evinced enough interest in the subject to make an inquiry whether or not such an action had been commenced. All these circumstances seem to me to require us to construe the reservation as I have indicated. Further than this, I am of the opinion that if plaintiff ever had any claim it is barred by the Statute of Limitations. The action is not strictly upon a sealed instrument for there is no covenant by the grantee or the defendants to pay over to plaintiff any money that might be received as compensation for the easements. At most there would have been an implied obligation growing out of the reservation and other circumstances, and plaintiff's claim, if any, would have been for moneys had and received to its use.

What has already been said calls for a reversal of the judgment and I, therefore, do not discuss the remaining question whether or not plaintiff, if it ever had any claim under the easement, had not parted with it.

The judgment appealed from must be reversed and the complaint dismissed, with costs to appellants in this court and the court below.

INGRAHAM, P. J., LAUGHLIN and CLARKE, JJ., concurred; McLAUGHLIN, J., dissented.

McLAUGHLIN, J. (dissenting):

Prior to May 13, 1887, the plaintiff, a domestic religious corporation, owned premises known as 59–63 Allen street, in the city of New York. At that time and continuously thereafter the Metropolitan Elevated Railway Company and the Manhattan Railway Company, or one of them, operated an elevated railway in front thereof. On March 24, 1887, plaintiff contracted to sell the property in question to one Erdmann. The contract, among other things, provided "that all claims for damages against the railroad companies owning or operating the elevated railroad in Allen street in front of said premises are to be reserved to the party of the first part [the plaintiff] in the deed." In pursuance of the contract the property was conveyed to Erdmann by a deed executed May 13, 1887. The deed contained the following reservation: "Reserving, however, to the party of the first part [the plaintiff] all claims for damages against the Railroad Companies owning or operating the elevated railroad in Allen Street in front of the premises hereby conveyed." Throughout the transaction Erdmann acted for and on behalf of the defendants, who furnished the consideration for the purchase and had actual knowledge of the terms of the contract and deed. On the day Erdmann received the deed he conveyed to the defendants and the deed was recorded the following day.

In February, 1890, plaintiff commenced an action against the Manhattan Railway Company and the Metropolitan Elevated Railway Company to recover rental damages to the property which had accrued prior to the time of the conveyance to Erdmann. This action was settled on August 4, 1893, for $1,468. In July, 1892, the defendants brought an action against the railway companies for damages to the easements in said premises from the time they became the owners thereof, and to enjoin the maintenance of the railroad in front of the same. This action was settled on July 14, 1899, for $6,000, in consideration of which defendants released the railway companies from all claims for damages and conveyed to them all their right, title and interest to the easements in Allen street in front of their premises. The plaintiff had no knowledge of the settlement between the defendants and the railway companies

until the early part of the year 1910.   In July, 1911, this action was brought to impress a trust upon the moneys received by defendants, plaintiff asserting its right to said moneys by reason of the reservation in its deed of the premises to Erdmann. The learned justice at Special Term held that the defendants were trustees for the plaintiff of so much of the moneys collected as represented damages to the fee value of the property, and appointed a referee to take proof as to those damages and apportion the fund.   From this judgment defendants appeal.

I think this judgment is right.   The language in the contract, as well as the reservation in the deed, indicates, as it seems to me, that the plaintiff intended to reserve to itself all claims for damages, both as to depreciation of rental and to the impairment of the easements of light, air and access to the date of the deed, and that such intention was so understood by the defendants acting through Erdmann.   The language is, reserving to the plaintiff "all claims for damages." The consideration paid was fixed at the price stated, because both parties understood that the value of the premises had been depreciated by reason of the operation of the railway in front of them, and that the damages occasioned thereby were reserved to the grantor.   The language used is of no particular importance so long as the court can discover from the instrument itself what the parties intended by the reservation.   It is undoubtedly true that easements in public streets of light, air and access cannot be severed from the property to which they are appurtenant, and that the plaintiff could not, on parting with the land, reserve to itself those easements.   It could, however, reserve the damages that his grantee might collect for the invasion of those easements, and as to such damages the grantee became a trustee for the grantor.   (*Schomacker* v. *Michaels*, 189 N. Y. 61.)   The reservation was, as urged by the appellants, ineffectual to create a trust in the easements, but it did create a resulting trust by virtue of which the grantee became a trustee for his grantor as to all moneys received for the invasion or impairment of the easements. (*McKenna* v. *Brooklyn Union El. R. R. Co.*, 184 N. Y. 391. See, also, *Freund* v. *Biel*, 114 App. Div. 400; affd., 193 N. Y. 662; *Drucker* v. *Manhattan R. Co.*, 213 id. 543.)

In *Wehrenberg* v. *Seiferd* (125 App. Div. 527) this court held that the reservation of " any and all rights of actions, damages and claims " against the railway company reserved in the grantor the right to fee damages recovered by the grantee, but not to the rental damages accruing subsequent to the conveyance. It is urged by the appellants that in reserving "rights of actions," instead of merely " all claims for damages," that case is distinguishable from the one at bar. While it is true, as suggested in this connection, that damages to the fee are recoverable only as alternative relief in an action for an injunction (*Pappenheim* v. *Metropolitan El. R. Co.*, 128 N. Y. 436), the reservation of "all claims for damages" is sufficient to enable the grantor to recover whatever sum is subsequently paid for the impairment of the easements of light, air and access appurtenant to the property. An express reservation of an easement, or, as in the *Wehrenberg* case, of a right of action, is ineffectual because the easement cannot be reserved, nor can a right to enforce an action for its impairment. The easement cannot exist apart from the land itself, and an action can only be maintained for the impairment of the easement by the owner of the land. (*Pegram* v. *Elevated R. R. Co.*, 147 N. Y. 135; *Shepard* v. *Manhattan R. Co.*, 169 id. 160; *McKenna* v. *Brooklyn Union El. R. R. Co.*, *supra.*) Where such attempted reservation is made, the only right which is reserved is the one to recover from the grantee moneys subsequently received from the trespasser; and if any effect is to be given to the reservation, it must be held, as it seems to me, to apply to such damages, for the grantor could have recovered rental damages for the period of his ownership of the premises, independent of any reservation in the deed. (*Griswold* v. *Metropolitan El. R. Co.*, 122 N. Y. 102; *Pappenheim* v. *Metropolitan El. R. Co.*, *supra*; *Pegram* v. *Elevated R. R. Co.*, *supra*; *Hutton* v. *Metropolitan El. R. Co.*, 19 App. Div. 243; *Flammer* v. *Manhattan R. Co.*, 56 id. 183.)

It is further urged by the appellants that any action the plaintiff might have had is barred by the ten-year Statute of Limitations. (See Code Civ. Proc. § 388.) As has been indicated, the reservation in the deed of the plaintiff was ineffectual in reserving to itself any right of action against the railway companies.

It did, however, impose a duty upon the grantee, and subsequent grantees taking the property with notice of the reservation, to pay to the plaintiff whatever sums might be recovered by reason of the impairment of the easements of light, air and access. Whatever sum was paid to the defendants for this purpose they received and held as trustees for the plaintiff, and while it is true that the sum paid was received by the defendants in 1899 — more than ten years prior to the commencement of the action — nevertheless, the plaintiff had no knowledge of that fact until 1910, and the statute did not begin to run until that time. (Code Civ. Proc. § 410; *Matter of Camp*, 126 N. Y. 377; *Matter of Ashheim*, 111 App. Div. 176; affd., 185 N. Y. 609; *Matter of Meyer*, 98 App. Div. 7; affd., 181 N. Y. 553.) The Statute of Limitations is not, therefore, a bar to the maintenance of the action.

The appellants also question the right of the plaintiff to bring the action. It appears in this connection that some fifteen years ago the plaintiff transferred its realty, funds and membership to another religious corporation. There is no evidence however, that the claim in suit was ever assigned, and the trustees of the plaintiff deny that any such assignment was made. At the trial plaintiff stipulated that it would tender releases executed by the other possible claimants as a condition of being awarded a judgment, and the interlocutory judgment so provides. While the defendants, on the evidence, are not entitled to this additional protection, neither party is in a position to assail the judgment upon that ground. The plaintiff never having been dissolved, and having title to the claim, the action was properly brought to enforce it.

It follows that the judgment appealed from should be affirmed, with costs.

Judgment reversed and complaint dismissed, with costs to appellants in this court and in the court below. Order to be settled on notice.